PER CURIAM.
Dimitri-Emmanuel Racine appeals from the trial court’s final judgments which were entered after a jury found him negligent in causing an automobile accident that injured Jocelyn Jean-Pierre and Jennifer Francoeur (collectively referred to as the “plaintiffs”). Racine argues that the trial court erred in not offsetting the amount from both verdicts against him with the entire amount the plaintiffs received from the settlement with Racine’s mother (the owner of the vehicle Racine was driving) and her insurance company. However, because the settlement was, in part, for the plaintiffs’ release of other claims against the mother’s insurance company and the settlement was not apportioned in any way, we find that the trial court properly denied the request to offset the verdicts beyond the mother’s bodily injury policy limits. See Gouty v. Schnepel, 795 So.2d 959, 965 (Fla.2001) (“[T]he applicability of the setoff statutes is predicated on the existence of other tortfeasors who are liable for the same injury as the settling party.” (emphasis added)); Lauth v. Olsten Home Healthcare, Inc., 678 So.2d 447, 448 (Fla. 2d DCA 1996) (“When a plaintiff has separate claims, a setoff is inappropriate. A separate and distinct claim is one that involves different elements of damages.” (citation omitted)).

Affirmed.

STEVENSON, TAYLOR and CIKLIN, JJ., concur.